**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MATT SANTORO | § | |
| | § | |
| V. | § | CASE NO. 4:07cv301 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES**
**MAGISTRATE JUDGE**

Now before the Court is the United States' Motion to Dismiss or Alternatively for Full or

Partial Summary Judgment (Dkt. 5).  In this case, Plaintiff brings a claim for damages under Section

7433 of the Internal Revenue Code.[1]  Title 26 U.S.C. § 7433 allows for the recovery of civil damages

for certain unauthorized tax collection actions by any officer or employee of the Internal Revenue

Service.  It is a limited waiver of sovereign immunity for suit against the United States for injuries

caused by IRS employees' intentional or reckless disregard of tax laws in connection with the

collection of taxes.  *See Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994).  Defendant seeks

dismissal of Plaintiff's claims on several grounds, including statute of limitations and failure to

exhaust administrative remedies.  Having reviewed the motions and Plaintiff's response, the Court

finds any claims for wrongful assessments and as to any claims for collection activities occurring

before June 2005 should be dismissed with prejudice and any claims for collection activities

occurring after June 2005 should be dismissed for failure to exhaust administrative remedies.

---

[1]In addition to Section 7433, Plaintiff also references 26 U.S.C. § 6020 in his complaint.
However, this portion of the Internal Revenue Code does not state an affirmative basis for relief.
Therefore, to the extent Plaintiff's complaint state a claim under 26 U.S.C. § 6020, the motion to
dismiss is granted.

1

### STANDARD

Here, Defendant moves to dismiss Plaintiff's complaint under Rule 12(b)(1) for want of

jurisdiction and under 12(b)(6) for failure to state a claim, and in the alternative moves for summary

judgment.

A motion to dismiss filed under Rule 12(b)(1) challenges a federal court's subject matter

jurisdiction. *See* FED. R. CIV. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; therefore,

they have the power to adjudicate claims only when jurisdiction is conferred by statute or the

Constitution.  *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.

Ed.2d 391 (1994); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998).  A case

is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or

constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison,*

143 F.3d 1006, 1010 (5th Cir.1998).  The party wishing to invoke the court's jurisdiction bears the

burden of proving that subject matter jurisdiction exists.  *See Rodriguez v. Texas Comm'n on the*

*Arts,* 992 F. Supp. 876, 879 (N.D. Tex. 1998) ("The burden of proof for a Rule 12(b)(1) motion to

dismiss is on the party asserting jurisdiction.").

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state

a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The court must accept as true

all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable

to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In addition, all reasonable

inferences are to be drawn in favor of the plaintiff's claims.  *Lowrey v. Texas A&M Univ. Sys.*, 117

F.3d 242, 247 (5th Cir. 1997).  However, dismissal for failure to state a claim does not require the

appearance that, beyond a doubt, the plaintiff can prove ***no set of facts*** in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007).  Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it may be supported by some set of facts consistent with the allegations in the complaint. *Id.*

When considering a 12(b)(6) motion, the court must limit its inquiry to the facts stated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).  If the court considers extrinsic evidence, the motion is converted into a motion for summary judgment and summary judgment standards will apply.  FED. R. CIV. P. 12(b).

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001).  In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).  The moving party,

however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir.

1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the

pleadings, but must set forth and support by summary judgment evidence specific facts showing the

existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th

Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).  Once the moving party

makes a properly supported motion for summary judgment, the nonmoving party must look beyond

the pleadings and designate specific facts in the record to show that there is a genuine issue for trial.

*Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required

to "scour the record" to determine whether the evidence raises a genuine issue of material fact.  E.D.

TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will

satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

### ANALYSIS

### Claims Based on Assessments

The Court agrees with Defendant that much of Plaintiff's complaint is unclear as to the relief

he seeks.  However, to the extent Plaintiff's complaint attempts to state a claim for wrongful tax

assessments under Section 7433 of the Internal Revenue Code, those claims are dismissed for failure

to state a claim.  It is well-settled that assessments do not give rise to a cause of action under Section

7433, only the alleged wrongful collection activities do.  *See Shaw v. United States*, 20 F.3d 182, 184

(5th Cir.1994).   Therefore, as to any claims seeking damages for wrongful assessments under the Section 7433, the motion to dismiss should be GRANTED.

**Statute of Limitations**

The Court next looks to Defendant's statute of limitations argument.  A cause of action under 26 U.S.C. § 7433 must be brought within two years after the date that the right of action accrues. 26 U.S.C. § 7433(d)(3).  Here, Plaintiff's suit was not filed until June 21, 2007.  Accordingly, any claims accruing prior to June 20, 2005 are time-barred.  *See Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 638 (5th Cir. 2002); *Gandy v. United States*, 2005 WL 1324706, *7 (E.D. Tex. 2005).

The Court thus looks at Plaintiff's complaint to determine whether any of his claims accrued after June 20, 2005.  Plaintiff complains of assessments made for tax years 1998 through 2003. Among the case-specific documents, attached to Plaintiff's complaint are the following:

- a Notice of Levy on Wages, Salary, and Other Income, dated April 23, 2007, listing unpaid assessments and statutory fines for tax periods ended 1996, 1997, 1998, and 2001.  *See* Dkt. 1-2 at page 23.

- a Notice of Levy dated December 4, 2006, listing unpaid assessments for tax years ending 1996, 1997, 1998, and 2000. *See* Dkt. 1-2 at page 24.

- a Notice of Federal Tax Lien dated April 6, 2004, listing assessments for tax periods ending 1996, 1997, 1998, and 2000.  The dates of assessment listed on this form ranges from October 29, 2001 to June 23, 2003. *See* Dkt. 1-2 at page 25.

As stated above, assessments do not give rise to a cause of action under Section 7433, only the alleged wrongful collection activities do.  *See Shaw v. United States*, 20 F.3d 182, 184 (5th

Cir.1994).  So, the Court looks to the date of the collection activity to see whether the claim was

timely brought.  In light of the statutorily-mandated period, it is clear that any claims arising out of

the April 6, 2004 Notice of Federal Tax Lien are time-barred.  Therefore, summary judgment should

be GRANTED for Defendant as to those claims and they are dismissed with prejudice.

However, any collection activities after June 2005 could give rise to claims of unauthorized

collection actions under Section 7433 and would be made within the statute of limitations.  *Gandy*

*Nursery*, 381 F.3d at 638.  Therefore, while they may not survive dismissal on other grounds, the

Court finds that the December 2006 and April 2007 notices of levy were brought within the statute

of limitations.

## Administrative Remedies

As to any claims that are not barred by the statute of limitations, the Court next turns to

Defendant's argument that Plaintiff has failed to exhaust his administrative remedies.  It is clear that,

before a Plaintiff can recover damages under Section 7433, he must first exhaust his administrative

remedies.  *See* 26 U.S.C. § 7433(d)(1); 26 C.F.R. § 301.7433-1(d); *Shaw v. United States*, 20 F.3d

182, 183 (5th Cir. 1994). The Court's discretion to disregard a failure to exhaust statutorily mandated

administrative remedies is severely limited.  *Information Resources, Inc. v. United States*, 950 F.2d

1122, 1126 (5th Cir. 1992) (emphasizing the limit on discretion regarding exhaustion of statutorily

mandated administrative remedies); *Taylor v. United States Treasury Dep't,* 127 F.3d 470 (5th Cir.

1997) (comparing jurisdictional, statutorily required exhaustion with judicially created exhaustion

requirements).  Only when the administrative remedies are *inadequate* may a court disregard the

failure to exhaust such remedies. *See Information Resources,* 950 F.2d at 1126.  In this case, fully

adequate administrative remedies are provided in Regulation 301.7433-1. *See* 26 C.F.R. § 301.7433-

1.

As a result of these regulations, a plaintiff is required to submit an administrative claim to

the I.R.S., in the prescribed form, stating the grounds of the claim and relief sought.  The I.R.S. then

has at least six months under § 7433 to respond to the claim before suit can be brought.  *See* 26

C.F.R. § 301.7433-1(d).  In the instant case, Plaintiff has not produced any evidence that he made

any attempt to submit administrative claims prior to the filing of this suit.

In his response to the motion to dismiss, Plaintiff cites to *Jones v. Bock*, 549 U.S. 199, 127

S. Ct. 910, 166 L. Ed.2d 798 (2007) to argue that it is Defendant's burden, not his, to show that he

failed to exhaust his administrative remedies.  Assuming *Jones* – which deals with the administrative

exhaustion requirement under the Prison Litigation Reform Act – is even applicable here such that

Plaintiff need not show the exhaustion in his complaint, it does not absolve Plaintiff of showing

exhaustion in response to Defendant's dispositive motions.  The administrative remedies available

to Plaintiff are clearly set forth in the statute and regulations, and Plaintiff has not offered any

evidence showing that he exhausted his administrative remedies.

Because an administrative claim for a refund is a "jurisdictional prerequisite" to Plaintiff's

claim, the Court lacks subject matter jurisdiction over these claims. *See Shanbaum v. United States,*

32 F.3d 180, 182 (5th Cir. 1994); *Young v. United States,* 332 F.3d 893, 894-95 (6th Cir.2003)

("This waiver of sovereign immunity ... is limited by the requirement that a taxpayer pursue

administrative remedies before bringing suit against the government."); *Brooks v. Snow*, 313 F.

Supp.2d 654, 661 (S.D. Tex. 2004).  Until Plaintiff files this administrative claim and  either an

administrative decision is  rendered or six months have passed, a cause of action is not available in this Court.

Therefore the motion is GRANTED as to any claims under 26 U.S.C. § 7433 for collection activity accruing after June 2005 and those claims are DISMISSED without prejudice to re-filing after Plaintiff has exhausted his administrative remedies.

### Recommendation

Based on the foregoing, the Court recommends that United States' Motion to Dismiss and Alternative Motion for Summary Judgment (Dkt. 5) be GRANTED as stated above.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 16th day of May, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE